**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAMEA TENISON,<br><br>Plaintiff,<br><br>v.<br><br>RANDY HARDING, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-506-PRW |

# ORDER

Before this Court is Plaintiff's Motion for Appointment of Counsel (Dkt. 3) and Motion to Checkout Transcripts/Discovery (Dkt. 4). On June 26, 2026, Magistrate Judge Shon T. Erwin issued a Report and Recommendation (Dkt. 12) recommending that the Court transfer the case to the Northern District of Oklahoma in the interest of justice and allow that court to rule on Plaintiff's Motions. Magistrate Judge Erwin determined that venue is proper in that district because it is where the events and omissions giving rise to Plaintiff's claims occurred and it is where all Defendants are employed. On July 9, 2026, Plaintiff filed a Response (Dkt. 13) to the Report and Recommendation, in which he stated that he agreed that the case should be transferred to the Northen District of Oklahoma.

28 U.S.C. § 1404(a) provides that "a district court may transfer any civil action to any other district…where it might have been brought" when doing so would be in the interest of justice and "the convenience of parties and witnesses." The Tenth Circuit has held that "[a] court may *sua sponte* cure…venue defects by transferring a suit under" §

1406(a) "when it is in the interests of justice."[1] Under 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff alleges that Defendants committed certain violations of his constitutional rights while he was incarcerated at Dick Connor Correctional Center in Hominy, Oklahoma, which is located in Osage County, Oklahoma. Under 28 U.S.C. § 116(a), Osage County is in the Northern District of Oklahoma. The Complaint also fails to establish that any Defendant resides in the Western District of Oklahoma. For each Defendant, Plaintiff has provided their place of employment, not their residence.[2] Accordingly, venue is proper in the Northern District of Oklahoma, not the Western District of Oklahoma, and it is in the interest of justice and the convenience of the parties to transfer the case to the Northern District of Oklahoma.

Having reviewed the Report and Recommendation, the Court agrees with its reasoning and conclusions. Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 12). The Court directs the Clerk of Court to transfer this case to the Northern District of Oklahoma.

---

[1] *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).

[2] Plaintiff provides the address of Dick Connelly Correctional Center for each Defendant except Mark Knutson, for whom he provides the address of the Oklahoma Department of Corrections headquarters.

**IT IS SO ORDERED** this 14th day of October 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE